IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH D. ANDERSON, III,        § | | |
| Defendant-Petitioner,        § | | |
| § | No. 3:06-CV-2295-D (BF) | |
| v.        § | (No. 3:03-CR-330-D) (BF) | |
| § | | |
| UNITED STATES OF AMERICA,        § | ECF | |
| Plaintiff-Respondent.        § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the United States District Court for the Northern District of Texas, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the magistrate judge follow:

## FINDINGS AND CONCLUSIONS

Joseph D. Anderson, III, ("Movant") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant is a federal prisoner currently incarcerated in a federal correctional institution. Respondent is the United States of America ("Respondent").

## STATEMENT OF THE CASE

On September 4, 2003, Respondent charged Movant by indictment with one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On May 28, 2004, he pled guilty to the indictment. On March 25, 2005, the District Court sentenced Movant to 188 months' imprisonment and a three-year term of supervised release. His conviction was affirmed on December 23, 2005. Movant's § 2255 motion was timely filed on December 15, 2006.

## STATEMENT OF THE CLAIM

Movant alleges that counsel provided constitutionally ineffective assistance by failing to object to the application of the armed career criminal sentence enhancement under 18 U.S.C. § 924(e) and USSG § 4B1.4 on the ground that Movant's prior state convictions, upon which the enhancement was based, were for nonviolent offenses. Respondent opposes Movant's claim of ineffective assistance of counsel on the grounds that Movant fails to show deficient conduct and resulting prejudice.

## STANDARD OF REVIEW

The Sixth Amendment of the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. *U.S. CONST., art. VI.* To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a movant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 691 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. A movant's failure to establish either prong of the *Strickland* test requires the court to find that counsel's performance was not constitutionally ineffective. *Id.* at 697.

To prevail on the deficiency component of this test, a movant must identify the acts or omissions that were not the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. To prove the prejudice prong with respect to alleged sentencing errors, a movant must show that there was a reasonable probability that, but for counsel's action, he would have received a lower sentence. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004). A

reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694.

## ANALYSIS

Movant claims that counsel should have objected that Movant does not qualify as an armed career criminal because he does not have three prior convictions for violent offenses.[1] Respondent correctly notes, however, that a defendant qualifies as an armed career criminal if he has three prior convictions for violent offenses *or* serious drug offenses. 18 U.S.C. § 924 (e)(1); USSG 4B1.4, app. n.1. Possession of a controlled substance with intent to distribute is a serious drug offense. 18 U.S.C. § 924(e)(2)(A)(ii). Movant qualifies as an armed career criminal because he has three prior convictions for possession with intent to distribute cocaine. (PSR ¶¶ 31; 32; 34.) Movant's three convictions for serious drug offenses clearly qualify him for the enhancement. Hence, counsel could not have made a valid objection on the basis that Movant now suggests. Counsel's failure to raise a meritless objection is not deficient conduct. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Hence, Movant fails to satisfy the deficiency prong of the *Strickland* test.

Movant's claim of ineffective assistance of counsel also fails the prejudice prong of the *Strickland* test. Movant fails to show that his sentence would have been less harsh had counsel objected to the enhancement on the basis that Movant's prior convictions were not for violent offenses. Movant's claim of ineffective assistance of counsel should be denied.

---

[1] Respondent points out that Movant's counsel filed an objection to the application of the armed career criminal enhancement on the ground that the two 1992 cocaine convictions should be consolidated because they were "related cases." (Anderson's Supp. Obj. to PSR.) The District Court overruled the objection.

## **RECOMMENDATION**

This Court hereby recommends that Movant's motion to vacate, set aside, or modify his conviction and sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed, May 17, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).